IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**MICHELLE A. GLEICH**
6338 Fox Run
Sun Prairie, WI 53590

      Plaintiff,

vs.

**ANCHOR BANK FSB**
25 West Main Street
Madison, WI 53703

      Defendant.

Case No. 16-cv-332

**JURY TRIAL DEMANDED**

---

## COMPLAINT

The Plaintiff, by her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather, seeks redress from Defendant for committing discriminatory acts against her on the basis of her disabilities in violation of the Americans with Disabilities Act Amendments Act ("ADAAA") and for its violations of the Family Medical Leave Act ("FMLA"). Plaintiff, for her Complaint against Defendant, requests back pay, compensatory, punitive, and liquidated damages and other appropriate relief for her injuries. Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the Western District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred in this State.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff filed a timely Complaint of Discrimination with the State of Wisconsin Department of Workforce Development, Equal Rights Division on March 13, 2015 within 300 days after the unlawful employment practices occurred. On July 8, 2015, the Equal Rights Division issued an initial determination that Defendant terminated Plaintiff's employment because of her disability.

4. On April 12, 2016, upon Plaintiff's request, the EEOC issued a Notice of Right to Sue and this action is brought within 90 days after her receipt of said Notice. A true and correct copy of the Right to Sue Letter is attached hereto as Exhibit A.

## PARTIES

5. The Plaintiff, Michelle A. Gleich ("Gleich"), is an adult resident of the State of Wisconsin. She was an adult resident of the State of Wisconsin at all times relevant to this Complaint.

6. Gleich is an "employee" within the definition of the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA").

7. The Defendant, Anchor Bank FSB ("Anchor Bank"), is a Wisconsin corporation organized and operating under Wis. Stat. ch. 180 and doing business in Wisconsin.

8. Anchor Bank is an "employer" within the definition of the ADA and FMLA.

9. Anchor Bank has more than 50 employees within a 75-mile radius.

## FACTUAL ALLEGATIONS

10. On or around March 6, 1989, Plaintiff began her employment with Anchor Bank as a Customer Service associate. After several promotions, Plaintiff attained the position of Assistant Vice President. She worked in this position at the time of her termination.

11. Plaintiff suffers from diverticulitis and suffered from this impairment at all times relevant to this Complaint. Plaintiff informed Anchor Bank of the impairment.

12. On or around May 5, 2014, Plaintiff informed Anchor Bank that she needed to take leave for a surgery related to her diverticulitis; the surgery was scheduled for June 19, 2014.

13. Anchor Bank terminated Plaintiff on May 20, 2014, just fifteen days after Plaintiff informed Anchor Bank that she needed to take a medical leave for her June 19, 2014 surgery.

## FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111, et. seq.

14. Plaintiff re-alleges and re-incorporates paragraphs 1-13 as if set forth fully herein.

3

15. Plaintiff is considered disabled as a result of her conditions as that term is contemplated by the Americans with Disabilities Act, 42 U.S.C. § 12112, *et. seq.*

16. Plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation.

17. Plaintiff suffered adverse employment action in the form of a termination.

18. Plaintiff was terminated due to her disabilities, in violation of the Americans with Disabilities Act Amendments Act.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT: VIOLATION OF THE FEDERAL FAMILY & MEDICAL LEAVE ACT

19. Plaintiff re-alleges and re-incorporates paragraphs 1-18 as if set forth fully herein.

20. By engaging in the conduct described above, Anchor Bank willfully interfered with Plaintiff's FMLA rights when it terminated her employment because of her use of FMLA leave and the exercise of her rights under the FMLA.

21. By engaging in the conduct described above, Anchor Bank retaliated against Plaintiff for her use of FMLA leave and the exercise of her rights under the FMLA.

WHEREFORE, Plaintiff demands Judgment against Defendant, awarding her:

A. Reinstatement, back pay and all other compensation, including benefits;

B.	Compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation;

C.	Punitive damages for Anchor Bank's malicious and reckless conduct described above;

D.	Liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

E.	Pre- and post-judgment interest;

F.	An award of Plaintiff's reasonable attorneys' fees, reasonable expert fees, and costs incurred in this action; and

G.	Such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests that this matter be tried before a jury of six competent persons.

Dated this 20th day of May, 2016.

**HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff,*
*Michelle A. Gleich*


By:*/s/ Nicholas E. Fairweather*
Nicholas E. Fairweather
State Bar No. 1036681
Email: nfairweather@hq-law.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236